NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLAN ABRAMS, ELAINE ABRAMS, : <br> BARRY KNIPSEL, ISABEL KNISPEL, : <br> LOUISE ABRAMS IRREVOCABLE     : <br> TRUST DATED 4/2/70, TRUST FBO   : <br> LOUISE ABRAMS DATED 12/22/50,   : <br> TRUST FBO ROBERTA ABRAMS        : <br> DATED 1/11/88, TRUST FBO JOSHUA : <br> ABRAMS DATED 1/11/88, TRUST FBO : <br> ROBERTA ABRAMS DATED 12/14/88,  : <br> TRUST FBO JOSHUA ABRAMS         : <br> DATED 12/14/88, ROBERTA ABRAMS <br> TRUST DATED 12/7/76, JOSHUA <br> ABRAMS TRUST DATED 12/7/76, AND <br> DAVID ABRAMS TRUST DATED <br> 12/7/76. <br><br>       Plaintiffs, <br><br>       v. <br><br> KPMG, LLP, PRESIDIO GROWTH, <br> LLC, PRESIDIO ADVISORY <br> SERVICES, LLC, and SIDLEY AUSTIN <br> BROWN & WOOD LLP, <br><br>       Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-CV-3745 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Plaintiffs Allan Abrams, Elaine Abrams, Barry Knipsel, Isabel Knispel, Louise Abrams Irrevocable Trust Dated 4/2/70, Trust FBO Louise Abrams Dated 12/22/50, Trust FBO Roberta Abrams Dated 1/11/88, Trust FBO Joshua Abrams Dated 1/11/88, Trust FBO Roberta Abrams Dated 12/14/88, Trust FBO Joshua

Abrams Dated 12/14/88, Roberta Abrams Trust Dated 12/7/76, Joshua Abrams Trust Dated 12/7/76, and David Abrams Trust Dated 12/7/76 ("Plaintiffs") for remand of the above-captioned action to the New Jersey Superior Court, Law Division.  No oral argument was heard pursuant to Rule 78.  After carefully considering the submissions all parties, it is the finding of this Court that Plaintiffs' motion is **granted**.

## I. BACKGROUND

On June 15, 2005, Plaintiffs filed this action in the Superior Court of New Jersey, Law Division, Bergen County, bearing docket number L-4191-05.  The Complaint names as Defendants KPMG, LLP ("KPMG"), Presidio Growth, LLC, Presidio Advisory Services, LLC (collectively "Presidio Defendants"), and Sidley Austin Brown & Wood LLP ("SABW").  The Complaint alleges claims against all Defendants for (1) breach of fiduciary duty, (2) civil conspiracy, (3) aiding and abetting fraud, (4) aiding and abetting breach of fiduciary duty and (v) state Civil RICO; claims against KPMG for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) malpractice and (5) rescission and restitution; and claims against SABW for (1) fraud, (2) negligent misrepresentation (3) malpractice, and (4) rescission and restitution.

On July 27, 2005, the Presidio Defendants removed this action to Federal Court.  KPMG and SABW consented to the Removal.  The Presidio Defendants asserted that removal was appropriate under 28 U.S.C. §§ 1331 and 1441.  Plaintiffs dispute the existence of federal question jurisdiction in the instant motion to remand filed August 26, 2005.

## III. DISCUSSION

**Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction, having the power to hear only those cases

to which Congress has specifically extended jurisdiction over the subject matter.  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).  Removal of a complaint from state court to federal court is generally proper only if the federal court to which the action is removed would have jurisdiction over the matter had it originally been filed there.  28 U.S.C. §§1441(a)-1441(b).  The burden is upon a defendant to show that removal is proper, and the federal court is obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." <u>Entrekin v. Fisher Scientific, Inc.</u>, 146 F. Supp. 2d 594, 604 (3d Cir. 2001) (internal citations omitted).

Federal question jurisdiction includes "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441(a); <u>U.S. Express Lines Ltd. v. Higgins</u>, 281 F.3d 383, 389 (3d Cir.2002) (citing <u>Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 7-8 (1983)).  In determining whether a case falls within federal question jurisdiction, a district court must look to the plaintiff's "well-pleaded complaint." <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986).  Importantly, it is not enough that a federal question is or may be raised as a defense. <u>Id.</u>  "'The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal'." <u>U.S. Express Lines</u>, 281 F.3d at 389 (quoting <u>Gully v. First Nat'l Bank in Meridian</u>, 299 U.S. 109, 113 (1936))."The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc., et al. v. Williams</u>, 482 U.S. 386, 392 (1987).

The state suit need not invoke a federal law in order to "arise under" it for removal purposes.  It is sufficient that the merits of the litigation turn on a substantial federal issue that is

"an element, and an essential one, of the plaintiff's cause of action." Gully, 299 U.S. at 112.  The controversy must be "genuine and present...not merely...conjectural." Id. at 113.  In short, the federal law "must be in the forefront of the case and not collateral, peripheral, or remote." Merrell Dow, 478 U.S. at 813 n. 11; see also United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir.1986) (finding no federal question existed because right to relief under state law did not require resolution of a substantial question of federal law).

Plaintiffs argue that this Court lacks subject matter jurisdiction over their claims because their Complaint relies exclusively on state law and thus does not present a question of federal law under 28 U.S.C. §1331.  Defendants, on the other hand, maintain that removal is appropriate because it is necessary to construe federal tax law to resolve Plaintiffs' claims.  However, Plaintiffs have directed this Court's attention to the Deferred Prosecution Agreement and related documents entered into between KPMG and the United States Attorney's Office for the Southern District of New York.  The Deferred Prosecution Agreement includes a section entitled "Acceptance of Responsibility for Violation of Law" pursuant to which KPMG admitted "developing, promoting and implementing unregistered and fraudulent tax shelters," which included, among other things, (i) "drafting false and fraudulent proposed factual recitations and representations as part of the documentation underlying the shelters"; (ii) "issuing opinions that contained false and fraudulent statements..."; and "actively taking steps to conceal from the IRS these shelters and the true facts regarding them." Deferred Prosecution Agreement, ¶2. Plaintiffs argue that in light of these admissions, any question of whether the tax product at issue was unlawful or not under federal law is now eliminated, and Defendants removal argument is eviscerated.

This Court agrees that it lacks federal question jurisdiction over the instant matter. As mentioned above, in order for federal jurisdiction to exist where a Complaint only raises state law claims, the federal law issue embedded in the state claims must be "actually disputed and substantial." Grable & Sons Metal Prods., Inc v. Darue Eng'g & Mfg., 125 S.Ct. 2363, 2368 (2005); Merrell Dow, 478 U.S. at 813. Thus, because Plaintiffs' Complaint alleges state law claims only, Defendants must show that there are actually disputed and substantial federal law issues in the state claims.

Defendants maintain that for Plaintiffs to succeed on their claims, they will need to establish the impropriety of Defendants' actions under federal tax law. The Court disagrees. Defendants' admissions as to the illegality of their actions under federal tax law obviate the need for Plaintiffs' to prove the legality of the tax shelters used by Defendants, or the propriety of their conduct in connection with the development and implementation of those tax shelters. Without the need to examine issues of federal tax law, the relief Plaintiffs are seeking in their Complaint does not require the resolution of any question of federal law . This Court therefore lacks subject matter jurisdiction.

In light of the above, the Court finds that removal was not appropriate pursuant to 28 U.S.C. §§ 1331 and 1441 and the case should be remanded to state court.

**Notice of Removal**

In the motion to remand, Plaintiffs also argue that the Notice of Removal was defective because Defendants KPMG and SABW did not consent to removal within thirty days of service. Because the Court has determined it lacks subject matter jurisdiction over the instant case, it is unnecessary for the Court to examine the merits of Plaintiffs' argument.

## **CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion to remand is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:  February 28, 2006
Original:  Clerk's Office
Copies:  All Counsel of Record
  The Honorable Mark Falk, U.S.M.J.
  File