NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLAN ABRAMS, ELAINE ABRAMS, BARRY KNIPSEL, ISABEL KNISPEL, LOUISE ABRAMS IRREVOCABLE TRUST DATED 4/2/70, TRUST FBO LOUISE ABRAMS DATED 12/22/50, TRUST FBO ROBERTA ABRAMS DATED 1/11/88, TRUST FBO JOSHUA ABRAMS DATED 1/11/88, TRUST FBO ROBERTA ABRAMS DATED 12/14/88, TRUST FBO JOSHUA ABRAMS DATED 12/14/88, ROBERTA ABRAMS TRUST DATED 12/7/76, JOSHUA ABRAMS TRUST DATED 12/7/76, AND DAVID ABRAMS TRUST DATED 12/7/76. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-3745 (DMC) |
| Plaintiffs, | |
| v. | |
| KPMG, LLP, PRESIDIO GROWTH, LLC, PRESIDIO ADVISORY SERVICES, LLC, and SIDLEY AUSTIN BROWN & WOOD LLP, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Presido Growth, LLC, Presidio Advisory Services, LLC ("Presido") for reconsideration of this Court's February 28, 2006, Opinion and Order remanding this action to State Court. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Presdio's motion is **denied**.

### I. Background[1]

This Court's Opinion and Order issued February 28, 2006 remanded the instant action to state court.  On March 13, 2006, Presdio filed the instant motion for reconsideration of that Opinion and Order on the grounds that this Court made legal and factual errors.  Plaintiffs Allan Abrams, Elaine Abrams, Barry Knipsel, Isabel Knispel, Louise Abrams Irrevocable Trust Dated 4/2/70, Trust FBO Louise Abrams Dated 12/22/50, Trust FBO Roberta Abrams Dated 1/11/88, Trust FBO Joshua Abrams Dated 1/11/88, Trust FBO Roberta Abrams Dated 12/14/88, Trust FBO Joshua Abrams Dated 12/14/88, Roberta Abrams Trust Dated 12/7/76, Joshua Abrams Trust Dated 12/7/76, and David Abrams Trust Dated 12/7/76 ("Plaintiffs") filed opposition to Presido's motion.  Presidio filed a reply brief on March 31, 2006.

### II. Motion for Reconsideration

**A) Standard**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i).  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i).  Such rule of law permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of

---

[1] A recitation of the full background of this matter is unnecessary here and can be found in this Court's February 28, 2006 Opinion granting remand.  See Abrams, et al.v. KPMG, LLP, et al., Civil Action No. 05-3745 (D.N.J. Feb 28, 2006).

arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989). It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

When a case is remanded pursuant to § 1447(c), a District Court lacks jurisdiction to reconsider its remand order once a certified copy of the remand order has been sent to the state court. Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 226 (3d Cir.1995) ("Thus, where the bar of § 1447(d) applies our precedent suggests a district court would lack jurisdiction to reconsider its order of remand once a certified copy of the remand order has been sent to the state court."); see also Greco v. Beccia, 2001 WL 619143, *4 (M.D.Pa. 2001); New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir.1986) (per curiam).

**B) Analysis**

The instant action was remanded to State Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c). A certified copy of the Court's Order of Remand was sent to the Superior Court of New Jersey, Bergen County, on February 28, 2006. As such, pursuant to 28 U.S.C. §1447(d), this Court lacks jurisdiction to decide Presidio's motion for reconsideration.

### III. Request for Alternate Relief

Presido requests this Court to clarify its earlier remand decision to state that Presidio has not made any admission that BLIPS is or was unlawful, nor that Presidio engaged in wrongdoing. Further, it asks this Court to take judicial notice of Presidio's actions pending in the Northern

District of California in which Presidio is litigating the legality of BLIPS. For clarification purposes only, this Court notes that in its February 28, 2006 Opinion and Order remanding this action to State Court, it reached no conclusions and made no findings as to whether Presidio has made any admissions that BLIPS is or was unlawful, nor that Presidio was engaged in any wrongdoing. It declines to take judicial notice of Presidio's other pending actions as this Court lacks jurisdiction to consider such a request.

## IV. Conclusion

For the foregoing reasons, Presidio's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

       S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:      April 12, 2006
Orig.:      Clerk
cc:      Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          File